CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

ANDREW PAULSON (CABN 267095)
Assistant United States Attorney

1301 Clay Street, Suite 340S
Oakland, California 94612
Telephone: (510) 637-3680
FAX: (510) 637-3724
andrew.paulson@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY ROBINSON,<br><br>Defendant. | Case No. 4:26-cr-00500-AMO<br><br>**UNITED STATES' MOTION FOR DETENTION**<br><br>Hearing Date: October 16, 2026<br>Hearing Time: 10:30 A.M.<br>Courtroom: 4, Third Floor<br><br>Hon. Kandis A. Westmore |

# TABLE OF CONTENTS

I. INTRODUCTION ....................1
II. FACTS ....................2
a. Robinson Has a Yearslong History of Obtaining and Possessing CSAM ....................2
b. Robinson's History of Sexual Violence ....................4
i. Minor 2 ....................4
ii. Minor 1 ....................5
iii. Adult 1 ....................7
c. Agents Discover Robinson Has an Arsenal of Firearms [redacted] ....................8
d. Robinson Admits the Google Account Containing CSAM Was His and that He Knew of and/or Possessed the Firearms and Ammunition Discovered in the Search ....................9
e. Robinson's Criminal History ....................9
f. The Review of Robinson's Devices for CSAM is Ongoing but Has Already Revealed Disturbing CSAM ....................10
III. LEGAL STANDARD ....................11
IV. ARGUMENT ....................12
a. Robinson is a Sexual Predator Who Should Be Detained for the Safety of the Community ....................12
b. Robinson Maintained an Arsenal of Firearms, Ammunition, and Firearm-Related Materials [redacted] ....................14
V. CONCLUSION ....................15

# TABLE OF AUTHORITIES

*Cases* Page(s)

*United States v. Diaz-Hernandez*, 943 F.3d 1196 (9th Cir. 2019) ........ 11
*United States v. Mohrbacher*, 182 F.3d 1041 (9th Cir. 1999) ........ 11
*United States v. Motamedi*, 767 F.2d 1403 (9th Cir. 1985) ........ 11
*United States v. Romm*, 455 F.3d 990 (9th Cir. 2006) ........ 11
*United States v. Winsor*, 785 F.2d 755 (9th Cir. 1986) ........ 11

*Statutes*

18 U.S.C. § 921(a)(20) ........ 10
18 U.S.C. § 3142(e)(1) ........ 11
18 U.S.C. § 3142(e)(3)(E) ........ 11
18 U.S.C. § 3142(g) ........ 11
18 U.S.C. §§ 2252(a)(2) ........ 11
Cal. Penal Code § 1170.18(f) ........ 9
Cal. Penal Code § 1170.18(j) ........ 9
Cal. Penal Code § 4825.13 ........ 9
Cal. Penal Code § 4852.17 ........ 10

# I. INTRODUCTION

In 2022, Google reported to the National Center for Missing and Exploited Children (NCMEC) that it had discovered that the defendant, Anthony Robinson, had uploaded two Child Sexual Abuse Material (CSAM) files to his cloud drive, one of which showed a pubescent minor female engaging in sex acts with an adult female and adult male, and another depicted a prepubescent female engaging in sex acts with an adult female. Three years later in 2025, Robinhood reported to NCMEC that Robinson had used cryptocurrency to purchase access to a dark website called "My Boys," which is dedicated to the dissemination of CSAM involving young boys.

On August 26, 2026, agents executed CSAM-related warrants at Robinson's house. During that search, agents discovered that Robinson, a felon, maintained an arsenal of firearms, ammunition, and firearms-related materials at his home, including body armor, a silencer, and firearm manufacturing materials, as well as cocaine for personal use. [redacted][1] [redacted]

Since charging Robinson by Complaint, the government has discovered that Robinson has a history of engaging in sexual violence. [redacted]

[1] To protect the identities and privacy of the minor and adult victims mentioned in this memorandum, the government will file portions of this memorandum under seal.

[redacted]

The government's review of Robinson's devices that were seized pursuant to the search warrant is ongoing, but it has already uncovered several CSAM videos on Robinson's storage devices that depict, among other things, bestiality, minor females engaging in oral sex with adult males, and a young female having sexual intercourse with an adult male while subtitles such as "Daddy no not again please not again" and "Daddy no that's mommy job not mine" appear on the screen.

The confluence of CSAM, guns, drugs, and most importantly, Robinson's history of hands-on sexual abuse involving minors and young adults make Robinson an exceptional danger to the community. He should be detained.

## II. FACTS

### a. Robinson Has a Yearslong History of Obtaining and Possessing CSAM

On November 16, 2022, Google became aware of material that contained apparent CSAM that was uploaded by a Google user. Google then submitted a CyberTipline Report to NCMEC. The report provided information about the owner of the Google account, which Robinson subsequently acknowledged belonged to him (see discussion below).

On August 13, 2026, the government obtained a search warrant authorizing the search of the files provided by Google in relation to the 2022 NCMEC Report. Pursuant to that search warrant, on August 21, 2026, an agent reviewed the two files. One of those files was an approximately three minutes and forty-one second video titled, "Daughter and Mom.MP4." It depicted what appears to be a nude female minor engaging in various sex acts with another adult female and adult male, including the minor masturbating and orally copulating the adult female's vagina, and the minor orally copulating the adult male's penis. The second video was approximately thirty-three minutes and eleven seconds and was titled

"devochki (1).MP4." This video depicted a prepubescent female engaging in various sexual poses and acts, including laying on her back and exposing her vagina, masturbating an adult female, orally copulating an adult female, and receiving oral sex from the adult female.

Three years later in November 2025, Robinhood Markets Inc. (Robinhood)[2] also submitted a CyberTipline Report to NCMEC. Robinhood reported that on approximately October 14, 2025, two cryptocurrency transfers to wallets associated with CSAM occurred. Subsequent investigation revealed that Robinson owned the cryptocurrency wallet from which the transfers were made. According to Robinhood's CyberTip, Robinson attempted to make a transfer to a wallet associated with a dark website dedicated to the dissemination of CSAM, but Robinhood blocked it. Shortly thereafter, Robinson successfully transferred approximately 269.38 Dogecoin (DOGE), worth approximately $55.02 U.S. dollars, to a cryptocurrency wallet associated with a dark website called "My Boys," which is dedicated to the sale of CSAM involving minor males.

In February 2026, an undercover law enforcement agent (UCA) assisting with this investigation accessed the "My Boys" website. The UCA observed the landing page of the "My Boys" website included a picture of two pubescent male juveniles, approximately 12-14 years old, fully nude, sitting upright on a bed, side-by-side. The pubescent male juveniles' erect penises were visible to the camera. The picture depicted the male juveniles masturbating each other and kissing on the lips.

The "My Boys" landing page included a section titled "Why Should I Join." This section listed website highlights such as "Many categories," including "Solo Boys, Boys + Dads, Boys + Boys, Hardcore." The "Why Should I Join" section also touted "Stability," "No Logs," "No irritants," and a "Chat" feature. The bottom of the landing page included a link with the caption "Click Here if You Like Girls."

The UCA noted the "My Boys" landing page included a "Sample Video." This video was approximately 2:01 minutes long. The UCA viewed the sample video, which was a compilation of videos depicting minor males engaged in sexually explicit conduct, including minor males orally copulating adult

[2] Robinhood is a financial services and fintech company that provides a platform for retail investing and financial products. Among its products, Robinhood allows users to buy, sell, and hold cryptocurrencies, including a cryptocurrency called Dogecoin (DOGE).

males and an adult male inserting his erect penis into a prepubescent male's anus as he was laying in a bed, possibly asleep.

To access the full website, users were prompted to "Register" and/or "Login." The UCA created a profile and logged into the website. The UCA was then asked to pay via cryptocurrency to activate their subscription. The website offered several cryptocurrency payment addresses, including one for Dogecoin. The listed subscriptions offered several levels, including an "Advanced" level for $50, which offered access to content, chat features, and mail support.

The approximately 269.38 DOGE (about $55.02) Robinson transferred to "My Boys" on about October 14, 2025, appears to correspond to the "Advanced" level subscription.

**b. Robinson's History of Sexual Violence**

**i. Minor 2**

[redacted]

[redacted]

[redacted]

[redacted]

**ii. Minor 1**

[redacted]

[redacted]

[redacted]

[redacted]

[redacted] [redacted]

---

[3] [redacted]

[redacted]

[redacted]

[redacted]

**iii. Adult 1**

[redacted]

[redacted]

[redacted]

**c. Agents Discover Robinson Has an Arsenal of Firearms** [redacted]

While conducting the search of Robinson's residence for CSAM, agents encountered an arsenal of firearms, ammunition, and firearms-related materials. In the family room concealed in a box on the wall, agents found a loaded semiautomatic 9mm handgun with an unserialized lower and a Glock 43 slide. In the master bedroom, agents discovered a loaded serialized Glock 43, 9mm handgun concealed in a similar box as the one in the family room. In a safe in the master bedroom, agents located a loaded .38 Special revolver and an unserialized (*i.e.*, "ghost gun") short-barrel AR-15 style .223/5.56mm caliber rifle equipped with a fully loaded 60-round drum magazine.

Also in the master bedroom, agents found body armor and numerous firearms components, magazines, and ammunition, including a suppressor (*i.e.*, a silencer) and a "jig," which is commonly used as a tool to manufacture unserialized firearms. Agents also located in the master bedroom a clear plastic baggy that contained approximately 3.5 grams of cocaine, which Robinson stated was for his personal use. Below is a photo of the firearms and firearms-related items agents found at Robinson's house.



**d. Robinson Admits the Google Account Containing CSAM Was His and that He Knew of and/or Possessed the Firearms and Ammunition Discovered in the Search**

On August 26, 2026, agents read Robinson his *Miranda* rights, which he waived and agreed to be interviewed. When discussing the facts surrounding the 2022 Google NCMEC report, Robinson claimed he had bulk downloaded pornography and moved the contents of the download to his Google Drive. Robinson stated that after doing so, his account was suspended due to the upload of explicit material. He also confirmed that the Google account that was identified in the 2022 Google NCMEC report was his personal account. Robinson further admitted to encountering CSAM on the internet. And after initially denying it, Robinson acknowledged engaging in cryptocurrency transactions on Robinhood.

During that interview, Robinson also provided agents with the code to the safe where agents found the .38 Special revolver, the AR-15 style unserialized rifle, and a multitude of ammunition and other gun parts. Additionally, he stated that he handled the Glock 43 that was recovered from the master bedroom (the Glock identified in the Indictment), but he claimed it belonged to his fiancé (she is also a felon). An ATF Trace report indicates that that gun was purchased in April 2020 by an individual the government believes is Robinson's fiancé's daughter.

**e. Robinson's Criminal History**

Robinson has a lengthy, though dated, criminal history with a multitude of arrests and probation violations, as well as several misdemeanor convictions, including for threatening a crime with intent to terrorize (2000); petty theft (2001); use/being under the influence of a controlled substance (2001); possession of drug paraphernalia (2001); and vehicle theft, evading law enforcement, and possession of drug paraphernalia (2001). Robinson also has three felony convictions: grand theft auto (2002); grand theft of money, labor, or property (2005); and felon in possession of a firearm or ammunition (2007).

With respect to the 2002 and 2007 convictions, Robinson's rap sheet indicates that the Contra Costa County Superior Court granted him a certificate of rehabilitation pursuant to California Penal Code § 4825.13. In 2016, the Alameda County Superior Court reduced his 2005 grand theft felony conviction to a misdemeanor pursuant to California Penal Code § 1170.18(f). Neither of these post-conviction actions, however, permit Robinson to possess a firearm or ammunition. *See* Cal. Pen. Code § 1170.18(j) (permitting reduction to misdemeanor for all purposes "except that resentencing shall not permit that

person to own, possess, or have in their custody or control a firearm or prevent their conviction" under California laws prohibiting firearm possession); Cal. Penal Code § 4852.17 (restoration of gun rights depends on governor granting full and unconditional pardon); 18 U.S.C. § 921(a)(20) (state felonies that are expunged or set aside still qualify as felonies if the restoration of civil rights expressly prohibits transportation, possession, or receipt of firearms). Indeed, in 2016 when he applied to reduce his Alameda County felony to a misdemeanor, Robinson signed an application just below the following statement, which was bolded and underlined: "By signing below, applicant acknowledges that s/he understands that s/he may not use, own or possess firearms, even if this Petition is granted."

**f. The Review of Robinson's Devices for CSAM is Ongoing but Has Already Revealed Disturbing CSAM**

During execution of the search warrants, agents seized several devices belonging to Robinson, including his laptop, cellphone, and secondary storage devices. Based on a preliminary review of two thumb drives and an external hard drive, agents located several CSAM videos. These include an approximately one-minute video of a minor female dressed in a shirt with no pants or underwear. As she sits with her legs spread, a dog is between her legs licking her vagina. At another point in the video, she touches her genitals with her hand. On another thumb drive, agents located an approximately 22-minute video that towards the beginning has text on the screen reading, "12yo daddy bj 01." The video transitions between (1) a compilation of still images of a minor female (who has braces) in sexual poses and performing sexual acts and (2) videos of the minor female in various settings performing oral sex on an adult male. And on a hard drive, agents located an approximately one-minute video that shows what appears to be a young female and an adult male engaged in sexual intercourse. Their faces are obscured, but at various points in the video the following subtitles appear (errors in original):

- "Daddy no not again please not again"
- "You know this is were you belong baby girl on my cock"
- "Daddy no that's mommy job not mine"

Reviews of these and the other devices are ongoing (the laptop, for example, has hundreds of thousands of photos and videos). Depending on the results of those reviews, the government may seek to obtain a superseding indictment that includes CSAM-related charges.

## III. LEGAL STANDARD

In determining whether a defendant should be detained, the "Bail Reform Act mandates an individualized evaluation guided by the factors articulated in [18 U.S.C.] § 3142(g)." *United States v. Diaz-Hernandez,* 943 F.3d 1196, 1199 (9th Cir. 2019). Those factors are: (i) the nature and circumstances of the offense charged; (ii) the weight of the evidence against the defendant; (iii) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, as well as whether the crime was committed while the defendant was on probation or parole; and (iv) the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986).

Under the Bail Reform Act of 1984, the Court must detain a defendant before trial without bail where "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person in the community." 18 U.S.C. § 3142(e)(1). Detention is appropriate where a defendant is either a danger to the community or a flight risk; the government need not prove that both factors are present. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). A finding that a defendant is a danger to the community must be supported by clear and convincing evidence, but a finding that a defendant is a flight risk must only be supported by a preponderance of the evidence. *Id.*

There is a rebuttal presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant or the safety of the community "if the judicial officer finds that there is probable cause to believe that the person committed" any of several offenses, including "an offense involving a minor victim under" 18 U.S.C. §§ 2252(a)(2) or 2252A(a)(2)—receipt or distribution of child pornography. *See* 18 U.S.C. § 3142(e)(3)(E). To that end, knowingly possessing CSAM on an electronic storage medium necessarily means that a defendant knowingly received the CSAM. *See United States v. Romm*, 455 F.3d 990, 1001 (9th Cir. 2006) ("Since Romm knowingly possessed the files in the internet cache, it follows that he also knowingly received them."); *United States v. Mohrbacher*, 182 F.3d 1041, 1048 (9th Cir. 1999) ("An individual who downloads material takes possession or accepts delivery of the

visual image; he has therefore certainly received it.”).

## IV. ARGUMENT

### a. Robinson is a Sexual Predator Who Should Be Detained for the Safety of the Community

Robinson is an extreme danger and should be detained pending trial. To begin with, because there is sufficient evidence for the Court to conclude that there is probable cause that Robinson knowingly received CSAM, there is a rebuttal presumption that Robinson should be detained. The evidence shows that Robinson has had a yearslong determination to get his hands on CSAM. In 2022, he uploaded to his Google account two CSAM videos showing the sexual abuse of girls, one of which involved a prepubescent girl engaging in sexual acts with an adult female. Three years later, he used cryptocurrency to purchase access to a dark website dedicated to CSAM materials involving the sexual abuse of young boys. Robinson's use of cryptocurrency on the dark web shows the lengths he will go to get his hands on CSAM, and the care he takes in trying to hide his tracks.

A preliminary review of Robinson's devices confirms his sexual interest in children, [redacted], and is more than sufficient probable cause to conclude that Robinson knowingly received CSAM and that a presumption of detention applies here. On some of Robinson's storage devices, he kept disturbing CSAM videos, including one involving bestiality. [redacted] As discussed above, one of those videos had text appear across the screen as a young female and adult male had sexual intercourse that stated, “Daddy no not again please not again” and “Daddy no that's mommy job not mine.” [redacted]

Robinson did not stop at simply viewing others sexually abusing children; he did it himself. [redacted]

[redacted]

[redacted]

[redacted]

[redacted]

In short, Robinson has a history of sexual predation, confirmed by his own admissions and the other evidence the government has already uncovered. [redacted] On this basis alone, Robinson should be detained pending trial. But there is more.

**b. Robinson Maintained an Arsenal of Firearms, Ammunition, and Firearm-Related Materials at the Home** [redacted]

As discussed above, when agents executed the CSAM-related warrants on August 26, 2026, they also uncovered an arsenal of firearms that Robinson kept in the house—an arsenal that included an AR-15 style unserialized rifle equipped with a fully-loaded 60-round drum magazine, body armor, a silencer, and firearm manufacturing equipment. In the bedroom, they also found cocaine, which Robinson admitted was his for personal use.

The combination of CSAM, drugs, and firearms are especially troubling and dangerous in this case, [redacted]

The confluence of Robinson's possession and receipt of CSAM, guns, drugs, and the lengthy history of credible allegations of him sexually abusing both children and young adults, demonstrate that there are no conditions or combination of conditions that can protect the community from Robinson.

///

///

///

## V. CONCLUSION

For the reasons stated above, the Court should detain Robinson pending trial.

DATED: October 14, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

*/s/ Andrew Paulson*
ANDREW PAULSON
Assistant United States Attorney