CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

ANDREW PAULSON (CABN 267095)
Assistant United States Attorney

1301 Clay Street, Suite 340S
Oakland, California 94612
Telephone: (510) 637-3680
FAX: (510) 637-3724
andrew.paulson@usdoj.gov

Attorneys for United States of America

FILED
OCT 20 2026
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ANTHONY ROBINSON,<br>Defendant. | **CASE NO. 4:26-cr-00500-AMO**<br>**DETENTION ORDER (as modified)** |

On October 1, 2026, defendant Anthony Robinson was charged by Indictment with being a felon in possession of firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1).

This matter came before the Court on October 16 and 19, 2026, for a detention hearing. The defendant was present and represented by Assistant Federal Public Defender Kaitlyn Fryzek. Assistant United States Attorney Andrew Paulson appeared for the government. The government moved for detention, and the defendant opposed. At the hearing, counsel submitted proffers and arguments regarding detention.

Upon consideration of the facts, proffers and arguments presented, and for the reasons stated on the record at the hearings, the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person or the community.

Accordingly, the defendant must be detained pending trial in this matter.

The present order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons as required by Title 18, United States Code, Section 3142(i)(1). As noted on the record, the Court makes the following findings as the basis for its conclusion.

Pursuant to 18 U.S.C. § 3142(e)(3)(E), there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant or the safety of the community "if the judicial officer finds that there is probable cause to believe that the person committed . . . an offense involving a minor victim under" 18 U.S.C. §§ 2252(a)(2) or 2252A(a)(2) (Receipt of Child Pornography). Under the plain meaning of the statute, it is not a requirement that the defendant be charged with one of these offenses for the presumption to apply. Instead, the rebuttable presumption applies in any case where the "judicial officer" (*i.e.*, the Court) finds there is probable cause to believe the defendant committed one of these offenses. In this case, based on the submissions of the parties and the arguments made at the hearing, I find that there is probable cause to believe that the defendant committed an offense involving a minor; namely, that he violated 18 U.S.C. §§ 2252(a)(2) or 2252A(a)(2) (Receipt of Child Pornography).

In 2022, Google reported to the National Center for Missing and Exploited Children (NCMEC) that it had discovered that the defendant had uploaded two Child Sexual Abuse Material (CSAM) files to his cloud drive, which a subsequent review by the government confirmed contained CSAM depicting minor females engaged in sex acts. In 2025, Robinhood Markets Inc. reported to NCMEC that the defendant had made a cryptocurrency transfer to a dark website called "My Boys," a dark website that is dedicated to the dissemination of CSAM involving minor boys. Additionally, the government has begun reviewing certain electronic devices it seized from the defendant's house pursuant to search warrants on August 26, 2026. On several of the storage devices, the government has found CSAM depicting minors engaging in sex acts. Based on this evidence, I conclude that there is probable cause to believe that the defendant has violated 18 U.S.C. §§ 2252(a)(2) or 2252A(a)(2) (Receipt of Child Pornography), and that the rebuttable presumption under 18 U.S.C. § 3142(e)(3)(E) applies in this case.

The defendant proffered evidence to rebut the presumption of dangerousness, including offering

sureties who were willing to sign on a bond for the defendant's release. Defendant also agreed to certain location restrictions, location monitoring, and restrictions on the possession and use of electronic devices. The defendant further noted that his criminal history is dated (his last conviction was in 2007) and that he had received certificates of rehabilitation for two of his convictions and had another felony conviction reduced to a misdemeanor pursuant to California Proposition 47. The defendant also argued that there was no evidence that he had carried or used the firearms found at his residence. Moreover, the defendant contested the accuracy of the allegations of sexual misconduct contained in the government's motion for detention. Though the defendant proffered sufficient evidence to rebut the presumption, it nonetheless remains as an evidentiary finding militating against release that I weighed along with other evidence relevant to the factors listed in 18 U.S.C. § 3142(g). *See United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008) ("The presumption is not erased when a defendant proffers evidence to rebut it; rather the presumption 'remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g).'") (quoting *United States v. Dominguez,* 783 F.2d 702, 707 (7th Cir. 1986)).

Pursuant to 18 U.S.C. § 3142(g), I considered (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family and community ties, employment, financial resources, past criminal conduct, and history relating to drug or alcohol abuse; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. I find that the government has carried its burden and that detention is appropriate in this case. In addition to the evidence discussed above that the defendant received and possessed CSAM, the government also found a personal-use amount of cocaine and several firearms and firearm-related materials at the defendant's house. Additionally, there are credible allegations that the defendant sexually abused Minor 2 when Minor 2 was 12 years old. The government provided the Court with a letter from Minor 2, who is now an adult. In that letter, Minor 2 urged the Court to detain the defendant and expressed concern for Minor 1 and a continuing fear that the defendant may attempt to harm her or her family if he is released.

The government also proffered evidence that Minor 1, who sometimes lives with the defendant,

has a history of engaging in sexualized behavior from a young age and has made threats of violence at school. The government also presented evidence that the defendant had a sexual encounter with Adult 1 that may have been non-consensual, but based on the current record before the Court, I could not conclude that the sexual encounter was non-consensual. As a result, I did not consider the allegations of a non-consensual sexual encounter involving Adult 1 as a factor weighing in favor of the defendant's detention.

For these reasons—the receipt and possession of CSAM; the possession of firearms, ammunition, and firearms-related material; the possession of cocaine for personal use; and credible allegations of sexual abuse involving a minor—I find that the government has shown by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person or the community.

This finding is made without prejudice to the defendant's right to seek review of defendant's detention or file a motion for reconsideration if circumstances warrant it.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: October 20, 2026

Kandis Westmore

HONORABLE KANDIS A. WESTMORE
United States Magistrate Judge